E. Sole & Co. Ltd., Plaintiffs and Appellees, *v.* Frank A. Crescioni et al., Defendants and Appellants.

No. 4748. Argued December 17, 1928.—Decided December 20, 1928.

*José S. Alegría* for appellant Crescioni. *B. Sánchez Castaño* and *G. Benítez Gautier* for the appellees.

Mr. Justice Aldrey delivered the opinion of the court.

One of the grounds alleged by the appellees for dismissal of this appeal is that it is frivolous.

An action was brought against Frank A. Crescioni to recover a certain sum of money acknowledged as a debt in promissory notes signed by him to the order of José Dolores Cruz and indorsed by the latter to the plaintiff firm, all of the notes being due when the complaint was filed. The appellant admitted in his verified answer that his signature on the notes transcribed in the complaint was authentic, but denied the truth of their contents and also that they were drawn to the order of José Dolores Cruz. He alleged that the contents of the documents were fictitious, as he had had no business with José Dolores Cruz by virtue of which the latter had received those documents, and denied the genuineness of the signature of the indorsement.

On the day set for the trial the defendant-appellant did not appear, but this attorney moved for a continuance for the reason that he was very much occupied in electoral matters. The plaintiffs objected, the motion was overruled, the case was tried and judgment was rendered for the plaintiffs. This appeal was taken from the judgment and from the rul-

ing refusing the new trial moved for by the defendant on the ground of surprise by the overruling of the motion for a continuance.

The appeal taken from the refusal to grant a new trial is clearly frivolous, for the ground alleged in support of a continuance did not justify the motion. So also is the appeal from the judgment, there being no apparent reason for attacking it because the evidence before us justifies the judgment, inasmuch as the plaintiffs proved at the trial by means of a public deed that they are a commercial partnership, and one of its managing partners testified that the defendant signed in his presence the promissory notes sued on; that he also saw José Dolores Cruz sign the indorsements on those notes in favor of the plaintiffs, and that the obligations represented the deferred payments for some omnibuses which the plaintiffs sold to José Dolores Cruz and he transferred to the defendant who has paid to the plaintiffs other notes connected with the same transaction. The notes sued on were introduced in evidence and are signed by the defendant to the order of José Dolores Cruz. Possibly the record before us is not complete, for as the complaint contains a transcript of the indorsements and it appears from the evidence that the indorsements were signed, yet the indorsements do not appear on the copies of the notes.

The appeals from the judgment and from the denial of a new trial must be dismissed as frivolous.